CAPITOL CAB COOPERATIVE ASSOCIA-
TION, INC., a body corporate,
Appellant,

v.

Romeo W. HORAD, trading as R. W. Horad
Realty Co., Appellee.

No. 2593.

Municipal Court of Appeals for the
District of Columbia.

Argued July 25, 1960.

Decided Sept. 27, 1960.

Roy Garvin, Washington, D. C., with whom George B. Parks and Robert A. Harris, Washington, D. C., were on the brief, for appellant.

Aubrey E. Robinson, Jr., Washington, D. C., with whom Reeves, Robinson & Duncan, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee, a real estate broker, was engaged by appellant to investigate the possibility of buying eleven contiguous parcels of land. After appraising the properties and determining that all could be purchased from their individual owners, appellee so informed appellant, and prepared written offers to purchase. These offers were approved and signed by appellant. Each offer provided that the seller pay the customary 5% broker's commission, and that the sale was contingent on appellant obtaining title to the other parcels of land. Through appellee's efforts eight of the property owners accepted appellant's offers, including the obligation to pay appellee's commission. Two other owners, however, accepted on the condition that the price be "net" to them, i. e., without deduction of the broker's commission. Appellee reported these counter offers to appellant and was told to complete the negotiations on net terms and that the question of commissions on these two sales would be taken up with appellant's board of directors.

Appellee negotiated the eleventh sale with a Mr. Figliozzi who was "contract owner" of the parcel, the record title be-

ing in a Mr. Weitz. At settlement at the title company Weitz asserted that Figliozzi had defaulted and Weitz withdrew his deed. Appellee's agent, who was handling the settlement for appellant, attempted to inform appellant of this new development but could not reach anyone in authority at appellant's office. Because time was of the essence in appellant's plans and acquisition of this eleventh parcel was essential to the plans, and because failure to acquire it might cause a forfeiture of $4,500 which appellant had placed in escrow with the title company, appellee obtained Weitz's agreement to sell by advancing an additional $500 to Weitz and agreeing that Weitz would pay no commission. Shortly thereafter appellee informed appellant of what had been done and was told, "That is all right, we will take care of you."

When the entire transaction was completed appellee asked appellant for payment of commissions on the three net sales and for reimbursement for the $500 it had advanced. On appellant's refusal this action was brought and judgment recovered for the commissions and the advancement.

Appellant's position is that it never agreed to pay appellee any commission on any of the sales, and never authorized or requested appellee to advance any money. Admitting that it received the benefits of appellee's services, appellant takes the position that appellee waived its right to commissions on the three sales and voluntarily made the advancement of $500 in order that it could obtain the commissions on the other eight sales.

■ It is our opinion that the trial court properly allowed recovery. It is clear from the record that appellant engaged appellee to perform services for it and knew that appellee expected to be paid for those services. Undoubtedly both appellant and appellee hoped and attempted to have appellee's commissions paid by the sellers, and they were successful in this attempt on eight of the sales. But when it developed that on

two of the sales commissions would not be paid by the sellers and appellant told appellee to proceed on a net basis, appellant impliedly agreed to pay appellee for its services on these two sales. Appellant accepted the benefits of these sales and became bound to pay appellee for its services in obtaining those benefits.

■ The same can be said about the commission on the Weitz sale and the advancement of the $500 in order to complete that sale. While appellant did not know of appellee's agreement with Weitz until after it was made, appellant, when informed of it, did not repudiate it but instead accepted the full benefits of it. Appellant could not take the benefits of its agent's services and at the same time escape paying for those services.

Affirmed.